UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
M.K., a minor, by and through her mother                       :
Sharmil Surujnath,                                             :
                                                               :   **MEMORANDUM DECISION AND**
                 Plaintiff,                                     :   **ORDER**
                                                               :
       -against-                                              :   23-cv-6579 (BMC)
                                                               :
THE CITY OF NEW YORK, *et al.*,                                :
                                                               :
                Defendants.                                    :
-------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff moves for partial reconsideration of the Court's May 29, 2025 Memorandum Decision and Order granting in part and denying in part defendants' motion for summary judgment. Plaintiff's motion is denied as untimely and without merit.

## BACKGROUND

Plaintiff, a minor appearing through her mother, brought five causes of action against defendants for subjecting her to an under-the-clothing search after she set off a school metal detector. The Court denied summary judgment to defendants on plaintiff's first cause of action under 42 U.S.C. § 1983, finding that there were material issues of fact as to whether the search was overly intrusive under the circumstances and violated clearly established constitutional law. The Court granted summary judgment to defendants on plaintiff's four remaining causes of action – negligence claims against various combinations of the defendants – because plaintiff "ha[d] not articulated redressable theories of negligence."

Plaintiff moves for reconsideration pursuant to Federal Rule of Civil Procedure 54(b) with respect to the four negligence claims. Plaintiff argues that the Court relied on the wrong

standard for negligent infliction of emotional distress ("NIED") and that she had no opportunity to address the rationales that the Court advanced *sua sponte* when dismissing her claims.

## DISCUSSION

Under Local Rule 6.3, a notice of a motion for reconsideration must be filed and served within 14 days after entry of the challenged order. Here, plaintiff filed her motion for reconsideration on November 5, 2025, 160 days after this Court's May 29, 2025 Order. Although Rule 54(b) provides "that prior decisions '*may* be revised' prior to final judgment of all claims" and does not prescribe a time limit, it "does not *require* district courts to revisit decisions upon request." Commerzbank AG v. U.S. Bank, N.A., 100 F.4th 362, 378 (2d Cir. 2024) (emphases in original). Thus, the untimeliness of this motion is sufficient reason to deny it.[1] Id; McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting cases).

In any event, the motion is without merit. To prevail on a motion for reconsideration, the moving party must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks and citation omitted).

---

[1] An exception to this rule exists where "the evidence upon which the motion is based is newly-discovered." Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc., 160 F. Supp. 2d 580, 583 (S.D.N.Y. 2001). Plaintiff's argument that she "just discovered" the correct legal standard for NIED claims does not fit into this exception.

2

While arguing that reconsideration is warranted because the Court relied on the wrong standard for NIED, plaintiff adds that her negligence claims were "not styled as NIED claims." It is true that plaintiff did not plead NIED claims: her second cause of action, against the individual defendants, was labeled "negligence"; her third cause of action, also against the individual defendants, was labeled "gross negligence and willful misconduct";[2] and her fourth and fifth causes of action, this time against the City and the Department of Education, were either derivative (*respondeat superior*) or based on negligent training and supervision, respectively. However, because plaintiff did not allege physical injury, the Court recharacterized her claims in the way most favorable to her: as NIED claims, which permit recovery for emotional suffering absent physical injury. See SanMiguel v. Grimaldi, Slip Op. No. 67, 2025 WL 2955744, at *2 (N.Y. Oct. 21, 2025). Even now, based on plaintiff's own description of her claims as "negligence-based claims that seek relief for emotional distress," the Court does not see how her negligence claims could be anything other than NIED claims.

Thus, in the instant motion, plaintiff is embracing the Court's recharacterization of her claims and then alleging that the Court misapplied the law in dismissing those NIED claims. Her excuse in taking so long to do it is that plaintiff's counsel "only discovered [the error] *this* week" (the week they filed their motion for reconsideration) when they decided to look into the law on NIED. Before that, counsel asserts, they "had no reason to research the NIED legal standard." I disagree. Having your claims dismissed is reason enough to look into whether the Court erred so that you can move for reconsideration, if appropriate, within the required time frame.

---

[2] For plaintiff's second and third causes of action, she alleged that she was "subject[ed] [] to harassing treatment," which, like her § 1983 claim, is intentional mistreatment. One does not "negligently harass" another person. Cf. Rosas v. Petkovich, 218 A.D.3d 814, 193 N.Y.S.3d 254, 258 (2023) ("Allegations of intentional conduct cannot form the basis of a negligence cause of action").

3

Nevertheless, plaintiff is correct: assuming she *had* pled NIED claims, as her motion so assumes, the Court analyzed them under an outdated standard. The New York courts have recently clarified that "extreme and outrageous" conduct is no longer required for NIED claims, see, e.g., Brown v. New York Design Ctr., Inc., 215 A.D.3d 1, 7, 185 N.Y.S.3d 97 (1st Dep't 2023), contrary to this Court's holding otherwise. Plaintiff's motion for reconsideration does not tell the Court what the right standard is and whether her claims survive under that standard (itself a sufficient reason her motion for reconsideration fails). However, the Court finds that applying the proper standard does not change the result.

"New York common law has long viewed with suspicion tort claims seeking the recovery of purely emotional damages." SanMiguel, 2025 WL 2955744, at *2. In the limited situations where a plaintiff may recover for NIED, the following elements must be present: "[1] [a] breach of the duty of care resulting directly in [2] emotional harm ... [3] when the mental injury is a direct, rather than a consequential, result of the breach and [4] when the claim possesses some guarantee of genuineness." Ornstein v. New York City Health & Hosps. Corp., 10 N.Y.3d 1, 6, 852 N.Y.S.2d 1, 3 (2008) (quotation marks and citations omitted).

The final element "may be satisfied where the particular type of negligence is recognized as providing an assurance of genuineness, as in cases involving the mishandling of a corpse or the transmission of false information that a parent or child had died." Taggart v. Costabile, 131 A.D.3d 243, 253, 14 N.Y.S.3d 388, 396 (2015). "However, in the absence of such specific circumstances, the guarantee of genuineness generally requires that the breach of the duty owed directly to the injured party must have at least endangered the plaintiff's physical safety or caused the plaintiff to fear for his or her own physical safety." Id. (quotation marks and citation omitted). This is a high bar to clear due to "policy concerns that recovery for emotional damages

4

would open a wide door not only to fictitious claims, but to litigation in the field of trivialities and mere bad manners." Id. (ellipsis, quotation marks, and citation omitted).

The New York Court of Appeals has thus identified "three narrow instances where a plaintiff may recover for emotional suffering absent physical injury": (1) "in certain special circumstances – such as false reports of a family member's death or serious illness, or the mishandling of a family member's remains"; (2) "where a defendant's breach of a duty of care unreasonably places the plaintiff in fear of physical harm, resulting in emotional harm with 'physical manifestations'"; or (3) "where [the plaintiff] suffer[s] emotional injury upon witnessing a physical injury to an immediate family member while the plaintiff is in the 'zone of danger' created by the defendant's negligent conduct." SanMiguel, 2025 WL 2955744, at *2. "In applying these exceptions, [the New York Court of Appeals] ha[s] repeatedly stressed their circumscribed nature and ha[s] remained reluctant to permit recovery for negligently caused psychological trauma, with ensuing emotional harm alone." Id. (quotation marks and citation omitted).

Only the second exception could apply to this case, and the Court does not need to make any additional findings beyond those in its summary judgment decision to conclude that it does not. In rejecting plaintiff's Counts II through IV, the Court found that "no evidence suggests that they put M.K. in any risk of actual physical danger." The Court may have rendered its ultimate decision based on additional findings under an outdated standard, but with "no evidence that defendants put M.K. in any risk of actual physical danger," the Court could not have concluded that defendants' actions "unreasonably place[d] the plaintiff in fear of physical harm." In the absence of this element, plaintiff's NIED claims would still fail under the correct standard.

5

Thus, the outdated NIED standard did not play a dispositive role in the Court's disposition of Count V.  In support of reconsideration of this claim, plaintiff argues that she "had no opportunity to address the rationale the Court advanced," and points to evidence she would have relied on had defendants advanced that rationale.  That plaintiff would have argued her claim differently is not a proper basis for reconsideration.  A party may not use a motion for reconsideration to "'relitigate an issue already decided' by advancing novel arguments that could have been raised previously."  Schleifer v. Berns, No. 17-cv-1649, 2017 WL 4011239, at *1 (E.D.N.Y. Sept. 11, 2017) (quoting Shrader, 70 F.3d at 257).

As the Court stated in its summary judgment decision, plaintiff brought "muddled and overlapping" claims.  The Court construed them as generously as possible, which is how the Court arrived at NIED in the first place.  The Court did not have to give plaintiff another opportunity to remedy the inadequacies in her legal theories before rendering its decision.  Moreover, plaintiff's insinuation that the Court's process was somehow prejudicial is belied by the fact that plaintiff waited 160 days to raise her objections (since it was only then that she suddenly "discovered" the law on NIED).

## CONCLUSION

The Court denies plaintiff's motion for reconsideration of its decision dismissing Counts II through V.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
November 21, 2025